UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO MOLINA,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>K. HOLLAND, et al.,<br><br>　　　　Defendants. | 1:15-cv-01260-EPG-PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF<br>(ECF No. 4.) |

**I.　BACKGROUND**

Plaintiff, Mario Molina ("Plaintiff"), is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on August 17, 2015. (ECF No. 1.) On September 2, 2015, Plaintiff consented to the jurisdiction of a United States Magistrate Judge, and no other party has appeared in this action. (ECF No. 8.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

On August 17, 2015, Plaintiff filed a request for an "Order to Show Cause for an (*sic*) Preliminary Injunction and Temporary Restraining Order," which the Court construes as a motion for preliminary injunctive relief. (ECF No. 4.)

## II. PRELIMINARY INJUNCTIVE RELIEF

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 374 (citations omitted). An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Id. at 376 (citation omitted) (emphasis added).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id.

Plaintiff has requested a court order enjoining the defendants from denying Plaintiff proper medical care, enjoining defendants El Said and Dr. Wilson from retaliating against Plaintiff for filing a staff complaint against defendant Rivera, and requiring defendants Holland, Rivera, Gutierrez, and Jones to release Plaintiff from administrative segregation and transfer him to an institution near the eye specialist who has offices in Bakersfield and Los Angeles.

The defendants named in Plaintiff's Complaint are employees at the California Correctional Institution (CCI) in Tehachapi, California. However, according to Plaintiff's address of record at the Court, Plaintiff is now housed at Corcoran State Prison (CSP) in Corcoran, California.[1] Because Plaintiff is no longer subjected to the actions of employees at CCI, his motion for a court order prohibiting or requiring those employees' actions is moot. Where the prisoner is challenging conditions of confinement and is seeking injunctive relief,

---

[1] On September 25, 2015, Plaintiff filed a Notice of Change of Address, changing his address from CCI to CSP. (ECF No. 9.)

transfer to another prison renders the request for injunctive relief moot absent some evidence of an expectation of being transferred back. See Preiser v. Newkirk, 422 U.S. 395, 402-03 (1975); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam); see also Andrews v. Cervantes, 493 F.3d 1047, 1053 n.5 (9th Cir. 2007).

Note that this order does not preclude other forms of relief, such as damages, as requested in Plaintiff's complaint.

### III.  CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for preliminary injunctive relief, filed on August 17, 2015, is DENIED.

IT IS SO ORDERED.

Dated:   **October 30, 2015**                    /s/ Erica P. Grosjean
                                                 UNITED STATES MAGISTRATE JUDGE