UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO MOLINA,<br><br>          Plaintiff,<br><br>     vs.<br><br>K. HOLLAND, et al.,<br><br>          Defendants. | 1:15-cv-01260-EPG-PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF, FOR LACK OF JURISDICTION<br>(ECF No. 16.) |

### I.     BACKGROUND

Plaintiff, Mario Molina ("Plaintiff"), is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on August 17, 2015. (ECF No. 1.) On September 2, 2015, Plaintiff consented to the jurisdiction of a United States Magistrate Judge, and no other party has appeared in this action. (ECF No. 8.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

On February 8, 2016, Plaintiff filed a request for an emergency court order for medical attention to his cornea implant, which he claims has come out of place, causing him

tremendous pain.  (ECF No. 16.)  The Court construes this request as a motion for preliminary injunctive relief.

**II.     PRELIMINARY INJUNCTIVE RELIEF**

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Id. at 374 (citations omitted).  An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief.  Id. at 376 (citation omitted) (emphasis added).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy.  City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982).  If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question.  Id.

Here, the Court lacks jurisdiction to issue the order sought by Plaintiff.  Plaintiff is presently incarcerated at Corcoran State Prison (CSP) in Corcoran, California,[1] and Plaintiff seeks a Court order requiring medical staff at CSP to provide him with medical care.  However, the events at issue in Plaintiff's Complaint allegedly occurred at the California Correctional Institution (CCI) in Tehachapi, California, when Plaintiff was incarcerated there, and the defendants named in the Complaint were employed at CCI, not CSP.  Thus, the order Plaintiff seeks would require persons who are not defendants in this action, and who are not before the Court, to act and would not remedy any of the claims upon which this action proceeds.  "A federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."  Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th

---

[1] On September 25, 2015, Plaintiff filed a Notice of Change of Address, changing his address from CCI to CSP.  (ECF No. 9.)

Cir. 1985). Therefore, the Court lacks jurisdiction to issue the order sought by Plaintiff, and Plaintiff's motion for preliminary injunctive relief must be denied.

In an abundance of caution, the Court requested a response from the California Department of Corrections and Rehabilitation, addressing Plaintiff's medical concerns. (ECF No. 17.) On March 2, 2016, the Court received a response, and it appears that Plaintiff's medical needs are being addressed. (ECF No. 18.)

### III.  CONCLUSION

Accordingly, based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for preliminary injunctive relief, filed on February 8, 2016, is DENIED for lack of jurisdiction.

IT IS SO ORDERED.

Dated:   **March 25, 2016**                         /s/ Erica P. Grosjean
                                                    UNITED STATES MAGISTRATE JUDGE