UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO MOLINA,<br><br>          Plaintiff,<br><br>     v.<br><br>K. HOLLAND, et al.,<br><br>          Defendants. | 1:15-cv-01260-EPG (PC)<br><br>ORDER DENYING MISCELLANEOUS REQUESTS FOR RELIEF<br>(ECF NO. 20) |

### I.  BACKGROUND

Plaintiff, Mario Molina ("Plaintiff"), is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on August 17, 2015.  (ECF No. 1).  On September 2, 2015, Plaintiff consented to the jurisdiction of a United States Magistrate Judge (ECF No. 8), and no other party has appeared in this action.  Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required.  Local Rule Appendix A(k)(3).

\\\
\\\
\\\

## II. PLAINTIFF'S PRIOR REQUEST FOR EMERGENCY MEDICAL CARE

On February 8, 2016, Plaintiff filed a request for an emergency court order for medical attention to his cornea implant, which he claims came out of place, causing him tremendous pain. (ECF No. 16).

On February 17, 2016, the Court requested a response from the Office of the Attorney General. (ECF No. 17). On March 2, 2016, the Office of the Attorney General filed a response (ECF No. 18). The Office of the Attorney General stated in its response that Plaintiff has had multiple corneal implants with repeated rejections. (Id.). Plaintiff's ophthalmology care is being followed by Dr. Tawansy of Golden State Eye Medical Group. (Id.). Plaintiff was evaluated by Dr. Tawansy on February 24, 2016, and is scheduled for additional surgery. (Id.). The Office of the Attorney General also submitted a declaration from the Chief Physician and Surgeon at Plaintiff's institution regarding Plaintiff's medical care. (ECF No. 18-1, p. 2). It included a description of multiple medical appointments attending to Plaintiff's situation, including a statement from Plaintiff "'that he feels fine.'" (Id. at p. 3). The declaration also indicates a dispute regarding Plaintiff's request for morphine and the medical provider's opinion that morphine was not justified at that time. (Id.).

On March 25, 2016, the Court denied Plaintiff's request for an emergency court order. (ECF No. 19). The Court denied Plaintiff's requested relief for lack of jurisdiction, explaining that it had not yet screened Plaintiff's complaint. The Court noted that it had submitted Plaintiff's request for injunctive relief to the Office of the Attorney General in an abundance of caution, who had responded that Plaintiff was receiving medical care and did not have an urgent medical need for the pain medication being requested. (Id.).

## III. PLAINTIFF'S OBJECTIONS AND REQUESTS

On April 11, 2016, Plaintiff filed an objection ("the Objection") to the response. (ECF. No. 20). Plaintiff's response indicated that Plaintiff had indeed received medical attention immediately following the Court's request for a response from the Office of the Attorney General. (Id. at p. 2). Plaintiff received necessary surgery on March 10, 2016. (Id.). However, Plaintiff claims that the declaration submitted by Dr. C. McCabe in response to the

Court's order was misleading, and that a history of his medical care demonstrates the prison staff ignoring his medical needs.  (Id. at pgs. 2-7).

Plaintiff askes the Court to:

1. Assign a federal special master to oversee Plaintiff's medical care at Corcoran State Prison ("CSP");
2. Order the Office of the Attorney General to submit a declaration from Dr. Khaled Tawansy, describing the treatment that Plaintiff went through since the first cornea transplant, and explaining why there has been several cornea transplants;
3. "Issue an order that the CSP-medical staff stop playing with [P]laintiff['s] pain medication…."; and
4. Appoint pro bono counsel.

Plaintiff's requests will be denied at this time.  The next stage in this case is for this Court to screen Plaintiff's recently submitted amended complaint (ECF No. 26) to determine if it states a valid claim under the law.  If it states a claim, the case will proceed in the normal course, including discovery by both parties, and eventually resolving the merits of Plaintiff's complaint at trial, if the case has not resolved before then.  As the case is still in the screening stage, the Court cannot force the prison to take certain actions.  As the Court explained in its earlier order, federal courts are courts of limited jurisdiction, and in considering a request for preliminary injunctive relief the Court is bound by the requirement that, as a preliminary matter, it have before it an actual case or controversy.  City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982).  If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question.  (Id.).  Here, the Complaint has not yet been screened, let alone been served on any of the defendants.  Therefore, the Court does not have jurisdiction to rule on the first three requests at this time.

\\\

\\\

### IV.     PLAINTIFF'S REQUEST FOR APPOINTMENT OF PRO BONO COUNSEL

As to Plaintiff's request for the appointment of pro bono counsel, that request will be denied without prejudice.  Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), withdrawn in part on reh'g en banc, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved."  (Id.) (internal quotation marks and citations omitted).

Plaintiff argues that he needs counsel because he does not speak, read, write, or understand the English language, and because he does not have any skill in the law.  While the Court is sympathetic to Plaintiff's plight, at this early stage in the proceedings the Court cannot make a determination that Plaintiff is likely to succeed on the merits.  Additionally, given Plaintiff's filings in this case, it appears that Plaintiff has been able to find someone to assist him in communicating with the Court.  Accordingly, the Court will deny Plaintiff's request for pro bono counsel, without prejudice to the request being renewed at a later stage of the proceedings.

### V.     **CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that the requests for injunctive relief and appointment of pro bono counsel included in the Objection (ECF No. 20) are DENIED without prejudice.

IT IS FURTHER ORDERED that The Clerk of Court is directed to serve a copy of this order, as well as Plaintiff's Objections (ECF No. 20), on the Office of the Attorney General,

attention to Monica Anderson. No response is required by the Office of the Attorney General at this time.

IT IS SO ORDERED.

    Dated:   **December 27, 2016**          /s/ *Erica P. Grosjean*
                                                      UNITED STATES MAGISTRATE JUDGE