# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO MOLINA,<br><br>        Plaintiff,<br><br>    v.<br><br>K. HOLLAND, et al.,<br><br>        Defendants. | 1:15-cv-01260-EPG (PC)<br><br>ORDER SETTING EVIDENTIARY HEARING AND RELATED DEADLINES<br><br>(ECF NO. 37) |

On April 27, 2017, Defendants filed a motion for summary judgment under Federal Rule of Civil Procedure 56, arguing that Plaintiff failed to exhaust his administrative remedies prior to filing this case. (ECF No. 37). On May 15, 2017, Plaintiff filed his opposition to the motion. (ECF No. 41). On May 22, 2017, Defendants filed their reply and objections to Plaintiff's evidence. (ECF Nos. 43 & 44).

After reviewing the evidence, the Court determined that there is a dispute of material fact and that an Albino evidentiary hearing is necessary. See Albino v. Baca, 747 F.3d 1162, 1170 (9th Cir. 2014). Among other disputed facts, Plaintiff alleged threats Plaintiff faced when pursuing his administrative grievances. See Ross v. Blake, 136 S. Ct. 1850, 1860 (2016) (An administrative procedure is unavailable "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation."). Additionally, Plaintiff has alleged that his grievance was timely submitted, but never processed. See Andres v. Marshall, 854 F.3d 1103, 1105 (9th Cir. 2017) ("When prison officials fail to respond to a prisoner's grievance within a reasonable time, the prisoner is deemed to have

1

exhausted available administrative remedies within the meaning of the [Prison Litigation Reform Act].").

Accordingly, on May 31, 2017, the Court held a telephonic conference regarding the setting of an evidentiary hearing on the issue of exhaustion of administrative remedies. (ECF No. 46). Plaintiff Mario Molina telephonically appeared on his own behalf. Counsel Cassandra Shryock telephonically appeared on behalf of Defendants.

The evidentiary hearing will take place on August 1, 2017, at 11:00 a.m.

Additionally, Plaintiff will be given until June 9, 2017, to file a motion for the attendance of witnesses. The motion should be entitled "Motion for Attendance of Witnesses." The motion must: (1) state the name, address, and prison identification number (if any) of each witness; (2) explain what relevant information each witness has, and how that witness has personal knowledge of the relevant information; and (3) state whether each such witness is willing to voluntarily testify. Defendants will be given until June 20, 2017, to file their opposition, if any, to the motion. The Court notes that the evidentiary hearing is related only to the issue of exhaustion of administrative remedies. Accordingly, Plaintiff should only ask for the attendance of witnesses that have information relevant to the issue of exhaustion (which includes the issue of the availability of administrative remedies).

The parties do not need to present evidence regarding the following factual allegations, which the Court finds undisputed for the purposes of the evidentiary hearing:[1]

1. The California Department of Corrections and Rehabilitation ("CDCR") has a comprehensive administrative appeals system for prisoners' complaints, described in the California Code of Regulations (CCR), Title 15, § 3084, et. seq.[2] CCR, Title 15, § 3084.1(a) provides that any inmate may appeal any

---

[1] The Court has compiled the summary of undisputed facts from Defendants' separate statement of undisputed facts (ECF No. 37-1) and Plaintiff's response to Defendants' statement of disputed facts. (ECF No. 41, pgs. 3-8)

[2] "Effective January 28, 2011, the regulations governing inmate appeals were amended by Title 15 of the CCR, Section 3084, et seq. See CCR, tit. 15, §§ 3084-3084.8 (amended 2011). Because the inmate's claims relate to incidents in 2011 and 2012, the amended regulations described herein apply, as they were in effect at the time the events alleged occurred." (ECF No. 37-1, p.2, n. 1).

2

departmental decision, action, condition, or policy which they can demonstrate as having a material effect upon their welfare;[3]

2. Grievances that are classified as "staff complaints" bypass the first level of review and are initially reviewed at the second level. An appeal alleging staff misconduct must be presented to the hiring authority by the appeals coordinator within five days. The hiring authority then determines whether the appeal will be processed as a staff complaint. If the hiring authority determines that an appeal will be processed as a staff complaint, notice is sent to the inmate's facility. The Appeals Office in the facility[4] then sends the inmate notice that the appeal will be processed as a staff complaint and the date that the appeal response is due to the inmate;

3. At the first and second levels of review, inmate appeals must be responded to within thirty (30) days;

4. To exhaust the administrative appeal process, the inmate must complete his appeal through the Third Level of Review;

In accordance with the above, IT IS HEREBY ORDERED that:

1. An <u>Albino</u> evidentiary hearing is set before Magistrate Judge Erica P. Grosjean on August 1, 2017, at 11:00 a.m., at the Robert E. Coyle Federal Courthouse, 2500 Tulare Street, Fresno, CA 93721, in Courtroom #10; and

\\\
\\\
\\\
\\\
\\\

---

[3] Plaintiff disputes this fact. However, Plaintiff appears to dispute this fact only on the grounds that administrative remedies were effectively unavailable to Plaintiff. In listing this fact as undisputed, the Court is not making a finding that the administrative remedies were available to Plaintiff.

[4] Plaintiff disputes this fact, stating that the Appeals Office is not on the facility, but is located at "the Institution." (ECF No. 41, p. 5). However, this dispute does not appear to be relevant to the issue at hand.

2. Plaintiff has until June 9, 2017, to file a motion for the attendance of witnesses. Defendants have until June 20, 2017, to file their opposition, if any, to the motion.

IT IS SO ORDERED.

Dated: **June 1, 2017**  /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE