UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO MOLINA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>K. HOLLAND, et al.,<br><br>　　　　　Defendants. | No. 1:15-cv-01260-DAD-EPG<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING CERTAIN CLAIMS<br><br>(Doc. No. 73) |

　　　　Plaintiff Mario Molina is a prisoner proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. On September 2, 2015, plaintiff consented to magistrate judge jurisdiction under 28 U.S.C. § 636(c). (Doc. No. 8.) Defendants declined to consent to magistrate judge jurisdiction. (Doc. No. 49.)

　　　　The assigned magistrate judge screened plaintiff's complaint before any defendants appeared. (Doc. Nos. 28, 32). On February 1, 2017, plaintiff filed notice with the court that he was willing to proceed only on the claims found to be cognizable by the magistrate judge in the screening order. (Doc. No. 29.) Therefore, in an order issued February 7, 2017, the magistrate judge found that plaintiff had stated a cognizable claims against defendant Rivera for excessive use of force in violation of the Eighth Amendment, against defendants Rivera and Stanley for deliberate indifference to serious medical needs in violation of the Eighth Amendment, and

1

against defendants Rivera, Stanley, Holland, Gutierrez, and Jones for retaliation in violation of the First Amendment, and dismissed all other claims and defendants. (Doc. No. 32.)

However, on November 9, 2017, the Ninth Circuit Court of Appeals held that 28 U.S.C. § 636(c)(1) requires the consent of all named plaintiffs and defendants, even those not served with process, before jurisdiction may vest in a magistrate judge to dispose of a civil case. *Williams v. King*, 875 F.3d 500, 504 (9th Cir. 2017). Accordingly, the magistrate judge did not have jurisdiction to dismiss the above-described claim by way of the February 7, 2017 order. In light of the *Williams* decision, on December 7, 2017, the magistrate judge entered findings and recommendations, recommending that all claims and defendants, except for plaintiff's claims against defendant Rivera for excessive use of force in violation of the Eighth Amendment, against defendants Rivera and Stanley for deliberate indifference to serious medical needs in violation of the Eighth Amendment, and against defendants Rivera, Stanley, Holland, Gutierrez, and Jones for retaliation in violation of the First Amendment, be dismissed. (Doc. No. 73 at 13.) Those findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within fourteen days. No objections were filed.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and proper analysis.

Accordingly,

1. The findings and recommendations issued by the magistrate judge on December 7, 2017, are adopted in full;
2. All claims and defendants, except for plaintiff's claims against defendant Rivera for excessive use of force in violation of the Eighth Amendment, against defendants Rivera and Stanley for deliberate indifference to serious medical needs in violation of the Eighth

/////
/////
/////
/////

1. Amendment, and against defendants Rivera, Stanley, Holland, Gutierrez, and Jones for retaliation in violation of the First Amendment, are dismissed; and

3. This case is referred back to the magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated: **January 9, 2018**

UNITED STATES DISTRICT JUDGE