UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO MOLINA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>K. HOLLAND, et al.,<br><br>　　　　Defendants. | No. 1:15-cv-01260-DAD-EPG<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(Doc. Nos. 37, 71, 75) |

Plaintiff Mario Molina is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

After holding an evidentiary hearing, the assigned magistrate judge issued findings and recommendations, recommending that defendants' motion for summary judgment (Doc. No. 37) be denied, that plaintiff's motion for an expert witness (Doc. No. 71) be denied without prejudice, and that plaintiff be deemed to have exhausted his available administrative remedies as to all claims. (Doc. No. 75.) The parties were provided fourteen days in which to file objections to the findings and recommendations. (*Id.*) Plaintiff filed a notice of non-opposition. (Doc No. 80.) After seeking and receiving a seven day extension of time in which to file objections (Doc. Nos. 78, 79), defendants filed objections on March 23, 2018.

/////

1

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including defendants' objections, the court finds the findings and recommendations to be supported by the record and proper analysis. The court notes that exhaustion is an affirmative defense upon which the defendants bear the burden of proof. *Jones v. Bock*, 549 U.S. 199, 204, 216; *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014) (en banc) (the state bears the burden of proving that a prisoner did not exhaust available administrative remedies); *see also Williams v. Paramo*, 775 F.3d 1182, 1191-92 (9th Cir. 2015).[1] Here, defendants failed to satisfy their burden of proof on summary judgment.

Accordingly,

1. The findings and recommendations issued March 2, 2018 (Doc. No. 75) are adopted in full;
2. Defendants' motion for summary judgment based on plaintiff's failure to exhaust administrative remedies (Doc. No. 37) is denied;
3. Plaintiff is deemed to have exhausted his available administrative remedies as to all claims;
4. Plaintiff's motion for expert witness (Doc. No. 71) is denied without prejudice; and
5. This case is referred back to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated: **April 9, 2018**

*Dale A. Drozd*
UNITED STATES DISTRICT JUDGE

---

[1] However, exhaustion is not required where administrative remedies are rendered "effectively unavailable" by the actions of prison officials. *Sapp v. Kimbrell*, 623 F.3d 813, 822-23 (9th Cir. 2010).