UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO MOLINA,<br><br>       Plaintiff,<br><br>   v.<br><br>K. HOLLAND, et al.,<br><br>       Defendants. | Case No. 1:15-cv-01260-DAD-EPG (PC)<br><br>ORDER FOLLOWING STATUS CONFERENCE |

      Mario Molina ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983.  On May 11, 2018, the Court held a status conference ("Conference").  Plaintiff personally appeared on his own behalf. Counsel Cassandra Shryock and Marisa Kirschenbauer personally appeared on behalf of Defendants.  Plaintiff was assisted by the interpreter in the Spanish language, Rebecca Rubenstein.

      At the conference, the Court discussed the challenges posed by the fact that Plaintiff is a Spanish speaker and does not speak, read or write in English.  Because of this, the Court will set an early settlement conference with limited discovery to ensure that the parties have the necessary information to have a meaningful settlement conference.[1]  If the case does not reach resolution at the settlement conference, the Court will set a schedule for the reaming case, with additional discovery, after the settlement conference.

---

[1] The settlement conference will be set in a separate order.

Therefore, in an effort to secure the just, speedy, and inexpensive disposition of this action,[2] and after consideration of Federal Rule of Civil Procedure 26(b)(1),[3] and based on input from the parties at the status conference, IT IS ORDERED[4] that:

1. Defendants may take Plaintiff's deposition;

2. Defendants have until June 12, 2018, to provide Plaintiff with the Classification Committee Chronos related to Plaintiff's placement in Administrative Segregation during the time period relevant to the complaint; and

3. Defendants shall conduct an investigation into whether there were any investigations into the allegations listed in the complaint, including the alleged staff incident and any investigations during the administrative segregation that followed. By June 26, 2018, Defendants shall inform Plaintiff by letter whether there were any such investigations and, if so, the general topic of the investigation. If there were no investigations conducted on these allegations, Defendants shall state that fact.

4. Also by June 26, 2018, to the extent that any documents or other evidence

---

[2] *See*, *e.g.*, *United States v. W.R. Grace*, 526 F.3d 499, 508–09 (9th Cir. 2008) ("We begin with the principle that the district court is charged with effectuating the speedy and orderly administration of justice. There is universal acceptance in the federal courts that, in carrying out this mandate, a district court has the authority to enter pretrial case management and discovery orders designed to ensure that the relevant issues to be tried are identified, that the parties have an opportunity to engage in appropriate discovery and that the parties are adequately and timely prepared so that the trial can proceed efficiently and intelligibly.").

[3] Federal Rule of Civil Procedure 26 provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Ibid.*

[4] Pursuant to Federal Rule of Civil Procedure 16, "[a]t any pretrial conference, the court may consider and take appropriate action on the following matters: . . . controlling and scheduling discovery, including orders affecting disclosures and discovery under Rule 26 and Rules 29 through 37" and "facilitating in other ways the just, speedy, and inexpensive disposition of the action." Fed. R. Civ. P. 16(c)(2)(F). *See also Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) ("The district court has wide discretion in controlling discovery."). Federal Rule of Civil Procedure 16 vests the district court with early control over cases "toward a process of judicial management that embraces the entire pretrial phase, especially motions and discovery." *In re Arizona*, 528 F.3d 652, 655 (9th Cir. 2008) (affirming district court's requiring that prison officials prepare a *Martinez* report to give detailed factual information involving a prisoner's suit under 42 U.S.C. § 1983 and stating "district courts have wide latitude in controlling discovery."). *See also* Advisory Committee Notes to 1993 Amendment to Federal Rules of Civil Procedure regarding Rule 26(a) ("The enumeration in Rule 26(a) of items to be disclosed does not prevent a court from requiring by order or local rule that the parties disclose additional information without a discovery request.").

(including photographs, interview notes, videos, reports, etc.) were generated as a part of any such investigation, such documents and other evidence shall either be provided to Plaintiff or submitted to the Court for *in camera* review for asserted privilege. [5] If Defendants' investigation turns up no such documents, Defendants have until June 26, 2018, to inform Plaintiff that their investigation turned up no such documents.

5. Except as provided in this order, discovery is stayed.

IT IS SO ORDERED.

Dated:  **May 11, 2018**

/s/ Erica P. Grosjean

UNITED STATES MAGISTRATE JUDGE

---

[5] Defendants may mail the documents to the Court at 2500 Tulare Street, Fresno, CA 93721, Room 1501, or email them to EPGorders@caed.uscourts.gov.